WELLS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Mary Wells, as administratrix, etc., against the Brooklyn Heights Railroad Company. No opinion. Motion for reargument denied. Motion for leave to appeal to the court of appeals granted.

WRIGHT, Respondent, v. McFEETERS, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Ascher Wright against Harriet F. McFeeters.

PER CURIAM. Order reversed, without costs, and motion remitted to the special term, with leave to both parties to present further affidavits. We are unable to say, from the record, whether the disposition made of the motion at special term was just and proper. Under the peculiar circumstances of the case, it might well be deemed desirable that an investigation should be had in open court, so that the parties on either side can have opportunity to cross-examine. We do not intend to preclude the special term, in its discretion, from ordering a reference, if it see fit.

YENTES, Respondent, v. FIREMEN'S INS. CO., Appellant. (City Court of New York, General Term. December, 1901.) Action by Max Yentes against the Firemen's Insurance Company. William D. Murray, for appellant. A. S. Marcuson, for respondent.

FITZSIMONS, C. J. Only one serious question is presented by the appellant, upon which he relies for a reversal of this judgment. It is: "Did the plaintiff's appraiser, after signing the appraisal agreement, fail and refuse to proceed with the appraisal?" The weight and the preponderance of the evidence, as well as the verdict of the jury, answers that question in the negative; and we concur, after carefully reading the record, in such finding. The evidence clearly shows that the failure to have such appraisal was due entirely to the active and industrious efforts of defendant's appraisers and its agent, Mr. Gilbert, not to have it. It seems that plaintiff's representative called several times at the office of Mr. Ritchie, defendant's appraiser, and usually found him not present. On the occasions when they met him, the evidence proves, both from his words and actions, that he did not honestly intend to make an appraisal. At last plaintiff's appraiser, upon the urgent request of his client to hurry up and settle this matter, called upon Mr. Gilbert, who accompanied him to Mr. Ritchie's office, and, as usual, found him away. Plaintiff's appraiser on that occasion asked Mr. Gilbert what he should tell his client. Whereupon Mr. Gilbert replied, "Tell him to go to hell." Such conduct and language clearly prove that the defendant, acting through its courteous agent, Mr. Gilbert, and its appraiser, did not intend to have an appraisal, but just meant to harass, annoy, and in every way delay plaintiff in having his just dues.

Judgment affirmed, with costs and disbursements. Judgment affirmed, with costs.

CONLAN, J., concurs.

ZARKOWSKI v. SCHROEDER. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Stanislaw Zarkowski against Sophia L. Schroeder. No opinion. The court desires to see counsel in this matter.